UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VIRGIL GREEN,

    Plaintiff,

v.

MICHAEL SMITH, et al.,

    Defendants.
_____/

Case No. 2:19-cv-81

Hon. Hala Y. Jarbou

## ORDER

On January 14, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 44) recommending that the Court deny Defendant Michael Smith's motion for summary judgment and dismissal of the case (ECF No. 36). Before the Court is Defendant's objection to the R&R (ECF No. 45) and Plaintiff's objection to the R&R (ECF No. 46).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that questions of fact remain in Plaintiff's First Amendment retaliation claim regarding "whether he was terminated from employment and issued a misconduct ticket based upon his religious practices, threat to file a grievance, and oral complaint to [] Smith's supervisor." (R&R, PageID.314.) Defendant objects to the magistrate's finding that there is a genuine issue of material fact as to whether Plaintiff was "demonstrably" praying at his workstation. (Def.'s Obj. to R&R, ECF No. 45, PageID.333.) Defendant has pointed out, and the R&R acknowledges, that authority exists establishing that a prisoner does not have a right to

demonstrably pray while he is at work. *Board v. Weston*, No. 2:19-cv-151, 2019 WL 3955678, at *8 (W.D. Mich. Aug. 22, 2019); *Cameron v. Newcomb*, No. 2:19-cv-71, 2020 WL 7264968, at *8 (W.D. Mich. Nov. 16, 2020) *opinion adopting R&R*, 2020 WL 7263379 (Dec. 10, 2020). The R&R found that Defendant asking Plaintiff in February/March of 2018, "what was that you were doing during break?" meant that it was not obvious to Defendant that Plaintiff was praying at his workstation. (R&R, PageID.322 (quoting Compl., ECF No. 1, PageID.6).) This creates a question of fact whether Plaintiff was praying silently or demonstrably.

Defendant points out that after this first incident in February/March of 2018, in late March of 2018,[1] the complaint states that Defendant approached Plaintiff after he was again praying at his desk and told him that he was not allowed to do that at work. Defendant argues that here, there is no allegation that Defendant asked Plaintiff what he was doing, and the only logical conclusion is that Plaintiff was demonstrably praying. The Court is not persuaded by Defendant's argument. That Defendant did not need to ask Plaintiff a second time what he was doing does not establish that Plaintiff was demonstrably praying; Defendant could have assumed or understood that Plaintiff was praying after having asked the first time. The Court agrees with the R&R that a question of fact remains.

Defendant further argues that there is a lack of causation between Plaintiff's attendance at religious services and Defendant's misconduct ticket in March 2018 because Plaintiff began attending services in January 2017. *See Timm v. Wright State Univ.*, 375 F.3d 418, 423 (6th Cir. 2004) (finding no evidence of retaliation because "[e]ight months is a long period of time for an employer to wait to retaliate against an employee with a termination notice . . ."). However, a question of fact remains regarding causation because there is no dispute that Plaintiff continued to

---

[1] The complaint had originally stated March 2017, but Plaintiff's response to Defendant's motion for summary judgment claims that the date is meant to be March 2018, and the complaint had a typo. (ECF No. 39, PageID.293.)

2

attend services up until March of 2018. Thus, unlike in *Timm*, there was not a long gap between Plaintiff's protected conduct and Defendant's adverse action.

Plaintiff objects to the R&R's use of the word "lunch break" to describe the time in which he was praying at his workstation and offers "work break" to describe more accurately the period where the workers would be provided a 15-minute break between 1:00 pm-1:30 pm. (Green's Affidavit, ECF No. 46-1, PageID.342.) This is supposedly in response to Defendant's argument that Plaintiff could not be praying at his workstation during lunch because lunch was conducted in the chow hall. Plaintiff used "lunch break" in his complaint and did not correct this error before the magistrate in his response to Defendant's motion for summary judgment. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Court have held that . . . absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). For this reason, Plaintiff's objection is overruled. In any case, the result is the same as this Court finds that questions of fact remain.

Accordingly,

**IT IS ORDERED** that Defendant's objection (ECF No. 45) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 46) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 44) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Smith's motion for summary judgment (ECF No. 36) is **DENIED**.

Date:   January 31, 2022                         /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE